UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN K. BOLIN, JR.,         )<br>                                            )<br>        Petitioner          )<br>                                            )<br>    v.                                    )<br>                                            )<br>SUPERINTENDENT, MIAMI  )<br>CORRECTIONAL FACILITY, )<br>                                            )<br>        Respondent         ) | CAUSE NO. 3:07-CV-198 RM |

OPINION AND ORDER

This case is before the court on the petitioner's motion for appointment of counsel. "Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever ... the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28.")." Winsett v. Washington, 130 F.3d 269, 281 (7th Cir.1997); see also LaClair v. United States, 374 F. 2d 486, 489 (7th Cir. 1967). Courts do not intervene on a litigant's behalf "as of course; they recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." DiAngelo v. Illinois Dep't of Public Aid, 891 F. 2d 1260, 1261 (7th Cir. 1989). The court should reserve its power to appoint counsel to those cases presenting exceptional circumstances as determined by "an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) (quoting Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Mr. Bolin's case does not involve "exceptional circumstances." His claims don't appear to be particularly complex, and he appears to be competent to present his claims himself. In his motion to appoint counsel, he states no reason for requiring counsel except that he has no legal knowledge and must ask for assistance from other prisoners. But he has already filed a lengthy traverse containing legal arguments and numerous case cites. Given Mr. Bolin's ability to communicate his issues to the court, s*ee, e.g.,* Howard v. Gramley, 225 F.3d 784 (7th Cir. 2000), appointment of counsel is not needed in this case.

For the foregoing reasons, the court DENIES the petitioner's motion for appointment of counsel (docket #3).

SO ORDERED.

DATED: October  23 , 2007

                   /s/ Robert L. Miller, Jr.
                 Chief Judge
                 United States District Court